IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTONIO GARCIA-CARDENAS,<br><br>Defendant. | CR 16–22–M–DLC<br><br>ORDER |

**FILED**
OCT 18 2016
Clerk, U.S District Court
District Of Montana
Missoula

Plaintiff United States of America moves to dismiss the Indictment in this case without prejudice pursuant to Federal Rule of Criminal Procedure 48(a). Defendant Antonio Garcia-Cardenas ("Garcia-Cardenas") objects to dismissal without prejudice and argues that the Indictment must be dismissed with prejudice. For the reasons discussed below, the Court will grant the motion and dismiss the Indictment without prejudice.

**BACKGROUND**

The factual background of this case was discussed in detail in the Court's Order dated September 30, 2016, which denied Garcia-Cardenas's motion to exclude untimely produced evidence. (*See* Doc. 48.) In that Order, the Court discussed how several items of evidence were untimely produced by the

Government, including the failure of the Assistant United States Attorney ("AUSA") to timely produce key laboratory reports regarding inculpatory fingerprint evidence. The Court determined that the late production was not done in bad faith and instead found that this evidence was negligently produced due to the AUSA's unfamiliarity with fingerprint evidence. Nevertheless, the Court found that this untimely production violated Federal Rule of Criminal Procedure 16 and weighed the remedies available under the Rule. The Government argued for a continuance in order to allow Garcia-Cardenas time to evaluate the evidence and prepare a defense. In contrast, Garcia-Cardenas argued that the prejudice would not be remedied by a continuance and, instead, sought suppression of the evidence.

Applying the Ninth Circuit's rationale in *United States v. W.R. Grace*, the Court determined that exclusion of untimely produced evidence is only warranted if the production violated "any constitutional provision, federal statute, specific discovery order, or any other recognized right except perhaps [R]ule 16." 526 F.3d 499, 515 (9th Cir. 2008) (en banc) (quoting *United States v. Gatto*, 763 F.2d 1040, 1046 (9th Cir. 1985). Because the Government's untimely production had not violated a "specific discovery order," the Court found that exclusion of the evidence was not appropriate and a continuance was the proper remedy.

However, in finding that a continuance was mandated under Rule 16, the

Court concluded that the time for the continuance would not be excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(C) (time cannot be excluded under Act due to "lack of diligent preparation . . . on the part of the attorney for the Government"); *see also United States v. Dog Taking Gun*, 7 F. Supp. 2d 1118, 1122 (D. Mont. 1998) (delay attributable to untimely produced laboratory test results was not excludable under the Speedy Trial Act).

The Court was then presented with a dilemma: exclude the evidence in contravention of Rule 16 or continue the trial in excess of the seventy day period described under the Speedy Trial Act. *See* 18 U.S.C. § 3161(c) (stating that the time from a defendant's indictment or initial appearance, whichever is later, to the time for trial, cannot be longer than seventy days). The Court reluctantly concluded that a continuance was required and knowingly set the trial in excess of the Speedy Trial Act's seventy day period in order to accommodate the time the Defendant represented he needed to prepare in response to the late-produced evidence.

Turning to the motion at bar, the Government now moves to dismiss the Indictment without prejudice under Federal Rule of Criminal Procedure 48(a). As discussed, Garcia-Cardenas now objects to dismissal without prejudice and argues the Indictment should be dismissed with prejudice. In support of his argument, Garcia-Cardenas contends that dismissal with prejudice is appropriate due to

violations of the Speedy Trial Act and his Sixth Amendment right to a speedy trial.

## DISCUSSION

Rule 48 allows the Government to dismiss an indictment "with leave of court." Fed. R. Crim. P. 48(a); *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000). Leave of court is required "to provide a check on prosecutorial behavior," *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988), by guarding against "prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Garcia-Valenzuela*, 232 F.3d at 1007–1008 (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam). However, the Court's supervisory role is limited and the motion should be granted if it is made in good faith. *Hayden*, 860 F.2d at 1487; *see also United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005) ("Dismissals by the government are generally presumed to be without prejudice."). Conversely, a finding of bad faith counsels in favor of denying the motion. *Id.*; *see also* 3B Charles Alan Wright, et al., *Federal Practice and Procedure* § 801, 328–329 (4th ed. 2013) (courts should grant the motion with prejudice if dismissal is sought "for an improper purpose, such as harassment of the defendant").

Here, the Government seeks dismissal because it "needs additional time to evaluate its fingerprint evidence." (Doc. 50 at 5.) Garcia-Cardenas counters that

-4-

this request now qualifies as bad faith because dismissal would provide the Government with a tactical advantage at trial. In support of this argument, Garcia-Cardenas reasons that without this dismissal, the Government would not have enough time to prepare for trial. Accordingly, Garcia-Cardenas contends a finding of bad faith can now be found in this alleged tactical advantage.

In considering Garcia-Cardenas's argument, the Court notes that a request for additional time to evaluate discovery would normally be accommodated by a continuance of trial. However, as discussed above, and in this Court's Order denying Garcia-Cardenas's motion to suppress, the time for any continuance would not be excluded under the Speedy Trial Act due to the Government's negligence in locating and producing this evidence. For this reason, the Government must now move for dismissal, as opposed to a continuance, because it cannot seek further review of this evidence without further jeopardizing Garcia-Cardenas's right to a speedy trial. Thus, the Government must dismiss the Indictment in order to fully understand and evaluate this evidence if it seeks to reindict and further prosecute Garcia-Cardenas.

After reviewing the Government's motion in this context, the Court concludes that the motion is neither sought in bad faith nor sought to gain a tactical advantage. Instead, the Court finds that the Government's motion is born out of negligence. Put another way, the Government requires additional time to

evaluate the fingerprint evidence in order to rebut the defense's expert. Thus, the Government requires additional time to effectively prepare for trial. Because it cannot seek a continuance due its earlier oversight in failing to seek and produce the full laboratory report, it must now dismiss the Indictment. The Court thus finds the Government is not seeking a tactical advantage–it is merely seeking equal ground with the defense by being prepared for trial.

Nevertheless, Garcia-Cardenas argues that the circumstances surrounding the ASUA's untimely production of evidence warrants dismissal of the Indictment with prejudice. In particular, the defense argues that the motion is an attempt to circumvent Garcia-Cardenas's rights under the Speedy Trial Act by seeking dismissal before expiration of the statute's seventy day period for trial. Due to the unusual circumstances of this case, and in particular, because these circumstances were created by the required continuance of the trial, the Court will discuss whether Garcia-Cardenas's rights were violated under the Speedy Trial Act.

A court must look to three factors, "among others," to determine whether a Speedy Trial Act violation requires dismissal of an indictment with prejudice: (1) "the seriousness of the offense;" (2) "the facts and circumstances of the case which led to the dismissal;" and (3) "the impact of reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); *United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010). Under the first factor, an

offense is considered serious if it is punishable by more than five years in prison. *Lewis*, 611 F.3d at 1180. Here, the Indictment charges Garcia-Cardenas with two felonies, both of which are punishable by up to twenty years in prison. (*See* Doc. 1 (charging possession of methamphetamine with intent to distribute and conspiracy to possess methamphetamine with intent to distribute.) Without question, the offense conduct in this case is serious.

Next, the Court must look to the facts and circumstances which led to the dismissal. As described above, and in the Order denying Garcia-Cardenas's motion to exclude (Doc. 48), the basis for the dismissal is born out of the Government's negligence. Due to the failure of the Government to timely produce evidence, the Court was required to issue a continuance to give counsel time to adequately prepare for trial. The Government now moves to dismiss the Indictment because it requires additional time to evaluate the evidence and it cannot move for a continuance without further complicating Defendant's right to a speedy trial. Further, as discussed, the Court does not find bad faith in the Government's actions. However, because the dismissal is due entirely to the Government's lack of due diligence, the Court finds that the second factor weighs in favor of dismissal with prejudice.

Conversely, the Court finds that application of the third prong leads to mixed results. First, in considering the "impact of reprosecution on the

administration of [the Speedy Trial Act] and on the administration of justice," the Court acknowledges that the seventy day period under the Act has not yet run. Indeed, the Court bases this finding on the Government's representation that only eight days remained on Defendant's speedy trial clock at the time the motion to exclude was filed. (*See* Doc. 47.) Because the clock started again following the Court's Order of September 30, 2016, and was then tolled by the underlying motion, it appears that only two days remain on the clock. It is apparent then that without dismissal, the Government is in danger of violating Defendant's speedy trial right.

To further complicate this analysis is the defense's argument that the Government will benefit from dismissal without prejudice because it could then reindict Garcia-Cardenas and start over with a clean slate, i.e., an unblemished seventy day indictment period. This argument, however, appears to be contradicted by the Act itself. *See* 18 U.S.C. § 3161(h)(6). Under the Act, when an indictment is dismissed upon motion by the Government, the speedy trial clock is not reset, and instead, starts again upon reindictment. *United States v. Magana-Olvera*, 917 F.2d 401, 405 (9th Cir. 1990) ("[I]f the first indictment is dismissed on the government's motion, the statutory time limit is merely suspended until a new indictment is returned; the 70-day clock is not reset."). Here, then, the Government appears to be precluded from reindicting

Garcia-Cardenas on the same charges without running into speedy trial clock problems.[1]

In sum, although there has not actually been violation under the Speedy Trial Act,[2] a violation was likely to occur due to the schedule imposed by the Court. Further, it is not clear to the Court that the Government could successfully reindict and prosecute Defendant under the same statutes charged in the present Indictment. Because there are too many unknown factors under this third prong, the Court finds that is neither weighs in favor nor against dismissal with prejudice.

Lastly, the Court must consider other factors in its analysis. Under this catchall, the Court is guided by the rationale in *United States v. Taylor*. There, the United States Supreme Court reversed and found that a district court abused its discretion in dismissing an indictment with prejudice merely because the Government's conduct was considered by the lower court to be "lackadaisical." *United States v. Taylor*, 487 U.S. 326, 343 (1988). The high Court reasoned that dismissing an indictment with prejudice "in order to send a strong message to the Government that unexcused delays will not be tolerated," was an abuse of discretion. *Id.*; *see also United States v. Dominguez-Zamdio*, 211 F.3d 1275 (9th

---

[1] The Court acknowledges Defendant's argument that the Government may seek another indictment bringing different statutory penalties. However, this argument cuts both ways as the Government may choose to charge a crime with lesser penalties or it may simply decline to reindict Garcia-Cardenas at all.

[2] The Court also notes that this fact weighs against a finding that Defendant's Sixth Amendment right to a speedy trial has been violated.

Cir. 2000) (unpublished) (stating that "sending a strong message to the government for its role in the delays alone does not justify dismissing a case with prejudice"). The Court thus finds that the Government's negligence, by itself, does constitute grounds for dismissal with prejudice.

In conclusion, the Court recognizes that trial in this matter has been seriously delayed by the Government's negligent actions. However, the Court will not dismiss the Indictment with prejudice merely to punish the prosecution for its misbehavior which does not rise to the level of bad faith. Further, Garcia-Cardenas has been charged with two serious felonies and his speedy trial right has not yet been violated. After weighing these factors, the Court concludes that it will grant the Government's motion and dismiss the Indictment without prejudice.

According, IT IS ORDERED that Plaintiff's Motion to Dismiss the Indictment Without Prejudice (Doc. 49) is GRANTED. This case is closed.

IT IS FURTHER ORDERED that the trial set for October 31, 2016, and all associated deadlines, are VACATED.

DATED this 18th day of October, 2016.

Dana L. Christensen, Chief District Judge
United States District Court